PHILLIP A. TALBERT
United States Attorney
MATHEW W. PILE, WSBN 32245
Associate General Counsel
Office of Program Litigation, Office 7
Social Security Administration
Oscar Gonzalez de Llano
Special Assistant United States Attorney
  Office of the General Counsel
  6401 Security Boulevard
  Baltimore, MD 21235
  Telephone: (510) 970-4818
  Email: Oscar.Gonzalez@ssa.gov
Attorneys for Defendant

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON LEMKE,<br><br>   Plaintiff,<br><br> vs.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>   Defendant. | Case No.: 2:23-cv-00698-JDP<br><br>STIPULATION FOR THE AWARD AND PAYMENT OF ATTORNEY FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d), AND COSTS PURSUANT TO 28 U.S.C. § 1920; [PROPOSED] ORDER |

  Plaintiff seeks an award of attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 *et seq.* After Plaintiff filed the Motion for Attorney Fees under EAJA (ECF Doc. 35), the parties engaged in good faith negotiations. Defendant, the Commissioner of Social Security (Commissioner), by their undersigned counsel, and Plaintiff, by their counsel, Robert C. Weems of Weems Law Office, now agree and stipulate as follows:

1. Plaintiff was the prevailing party in this matter;
2. Plaintiff was an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed;
3. The position of the Commissioner was not substantially justified;
4. An award of fees is not unjust;
5. An award of $13,000 constitutes reasonable attorney fees and expenses in this matter;

6. Payment of these amounts shall constitute a complete release from and bar to any and all claims Plaintiff may have relating to EAJA fees in connection with this action. The parties further agree that the EAJA award is without prejudice to the right of Plaintiff's attorney to seek attorney fees pursuant to Social Security Act § 206(b), 42 U.S.C. § 406(b), subject to the offset provisions of the EAJA. *See* 28 U.S.C. § 2412(c)(1) (2006).

7. Under *Astrue v. Ratliff*, 130 S. Ct. 2521, 2528-29 (2010), EAJA fees awarded by this Court belong to the Plaintiff and are subject to offset under the Treasury Offset Program (31 U.S.C. § 3716(c)(3)(B) (2006)). Any EAJA fees should therefore be awarded to Plaintiff and not to Plaintiff's attorney. If, after receiving the Court's EAJA fee order, the Commissioner (1) determines that Plaintiff has assigned her right to EAJA fees to her attorney; (2) determines that Plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program, and (3) agrees to waive the requirements of the Anti-Assignment Act, then the EAJA fees will be made payable to Plaintiff's attorney. However, if there is a debt owed under the Treasury Offset Program, the Commissioner cannot agree to waive the requirements of the Anti-Assignment Act, and the remaining EAJA fees after offset will be paid by a check or electronic fund transfer (EFT) made out to Plaintiff but delivered to Plaintiff's attorney.

Respectfully submitted,

Date: January 10, 2025      /s/ *Robert Weems* *
Robert Weems
Weems Law Offices
(as authorized by email)
Attorney for Plaintiff

PHILLIP A. TALBERT
United States Attorney

Date: January 10, 2025      *s/ Oscar Gonzalez de Llano*
OSCAR GONZALEZ DE LLANO
Special Assistant United States Attorney
Social Security Administration
Attorney for Defendant

# ORDER

For the reasons set forth in the parties' Stipulation for the Award and Payment of Attorney Fees and Expenses Pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), and good cause shown, IT IS HEREBY ORDERED AS FOLLOWS:

1. Plaintiff is here by awarded $13,000 in fees and expenses under the EAJA. Under *Astrue v. Ratliff*, 130 S. Ct. 2521, 2528-29 (2010), EAJA fees awarded by this Court belong to the Plaintiff and are subject to offset under the Treasury Offset Program (31 U.S.C. § 3716(c)(3)(B) (2006)). Any EAJA fees should therefore be awarded to Plaintiff and not to Plaintiff's attorney. If, after receiving the Court's EAJA fee order, the Commissioner (1) determines that Plaintiff has assigned her right to EAJA fees to her attorney; (2) determines that Plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program, and (3) agrees to waive the requirements of the Anti-Assignment Act, then the EAJA fees will be made payable to Plaintiff's attorney. However, if there is a debt owed under the Treasury Offset Program, the Commissioner cannot agree to waive the requirements of the Anti-Assignment Act, and the remaining EAJA fees after offset will be paid by a check or electronic fund transfer (EFT) made out to Plaintiff but delivered to Plaintiff's attorney.
2. Plaintiff's motion for attorney fees, ECF No. 35, is denied as moot and the hearing scheduled for February 13, 2025, is vacated.

IT IS SO ORDERED.

Dated:   January 10, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE